WILLIAM E. WEISS (SBN 73108)
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone:   (415) 362-6765
Facsimile:   (415) 362-2405

Attorney for Plaintiff,
*JOSEPH FLOWERS*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

JOSEPH FLOWERS,

    Plaintiff,

vs.

INTERSCOPE RECORDS INC.,
UNIVERSAL MUSIC CORPORATION,
AMARU ENTERTAINMENT INC., TUFF
JEW PRODUCTIONS LLC, and SCOTT
STORCH

    Defendants.

Case No. CV 08 2368

PLAINTIFF'S COMPLAINT FOR:
1. **COPYRIGHT INFRINGMENT;**
2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT;**
3. **UNFAIR COMPETITION IN VIOLATION OF THE COMMON AND STATUTORY LAWS OF CALIFORNIA;**
4. **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND**
5. **PUNITIVE DAMAGES**

DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JOSEPH FLOWERS, pleads these causes of action:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Joseph Flowers is the exclusive owner of the copyright in the composition "Po Nigga Blues." Plaintiff wrote this song alone and performed it on his album entitled "Floss Mode," which was released in 1994. Plaintiff also registered the song with Broadcast Music Incorporated in 1994.

2.    Defendant Interscope Records Incorporated is a corporation doing business in the United States of America, worldwide, and in California. Interscope Records Incorporated has offices in

ORIGINAL

1 States of America, worldwide, and in California. Interscope Records Incorporated has offices in

2 New York and California.

3. Defendant Universal Music Corporation is a corporation doing business in the United States

of America, worldwide, and in California. Universal Music Corporation has offices in New York

and California.

4. Defendant Amaru Entertainment Incorporated is a business organization with a form

unknown to plaintiff, with its principal place of business in West Hollywood, California.

5. Defendant Tuff Jew Productions is a limited liability company that does business in

California.

6. Defendant Scott Storch is a natural person who does business in California.

7. The infringement of Plaintiff's copyrights and other torts committed against Plaintiff occurred

in the Northern District of California and other locations wherein the works subject to this lawsuit

have been marketed, promoted and distributed for pay by Defendants and copies have been sold.

The Defendants used Plaintiff's work on "Loyal to the Game", a record album and a copy of the

credits of the album are attached hereto and incorporated herein. The Defendants have derived and

continue to derive profits and revenue for the sale, promotion and distribution of Plaintiff's

copyright in this jurisdiction.

8. Jurisdiction is proper in this court and is premised upon 28 U.S.C. §§ 1331 (1980) and

1338(a) (1999) arising under the Copyright Revision Act of 1976, 17 U.S.C. §§ 101 et seq.

(2002) and 28 U.S.C. § 1400(a) (1998). Federal Copyright Act violations are within the

exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1367 (1990) as are violations of

the Lanham Act, 15 U.S.C. § 1121 (1998).

9. Venue is proper in this district pursuant to 28 U.S.C §§ 1391(b) and (c) (2002).

## FACTUAL ALLEGATIONS

10. Plaintiff Joseph Flowers is the exclusive owner of the copyright in the composition "Po

Nigga Blues." Plaintiff wrote this song alone and performed it on his album entitled "Floss

Mode," which was released in 1994. Tupac Shakur performed in the background of this song

which was released on plaintiff's album, "Floss Mode."  Plaintiff also registered the song with

1    agents, employees, licensees or anyone connected to them a license-oral or written-giving

2    permission to use plaintiff's work.

3    11.    In 2004, Tupac Shakur's album "Loyal to the Game" was released posthumously,

4    containing plaintiff's song on track 14 styled as "Po Nigga Blues-Scott Storch Remix featuring

5    Ron Isley." The song is identical to plaintiff's 1994 composition. Plaintiff discovered the

6    existence of this infringing work in March of 2008.

7    12.    Defendants and each of them willfully, intentionally and maliciously continue to sell,

8    promote and distribute the work set forth above worldwide and in the Northern District of

9    California and other locations wherein the works subject to this lawsuit have been promoted,

10    marketed and distributed for pay by Defendants and copies have been sold, despite the objections

11    of Plaintiff. Plaintiff notified Defendants that they are infringing on Plaintiffs copyrights and

12    Defendants have ignored Plaintiff.

13    13.    Defendants have profited from the use of Plaintiff's works, including in the Northern

14    District of California.

15    14.    In the distribution and sales of the works described above, Defendants and each of them

16    improperly credited others with the copyright ownership of said work and continue to do so

17    which damages Plaintiff and diminishes the value of said work as well as profiting Defendants

18    and each of them.

19    15.    The infringing conduct was not only intentional; it was done maliciously, fraudulently and

20    in bad faith disregard of Plaintiff's copyright in the subject work.

### FIRST CLAIM - INFRINGEMENT OF COPYRIGHT
**(Defendants Interscope Records Incorporated, Universal Music Corporation, Amaru
Entertainment Incorporated, Tuff Jew Productions LLC, Scott Storch)**

23    16.    Plaintiff repeats each of the allegations contained in paragraphs 1 through 16 as if fully

24    set forth herein.

25    17.    Plaintiff, as sole creator of the composition "Po Nigga Blues", is the legal holder of the

26    copyright in this work. The Defendants and each of them have copied, used, sold, promoted, and

27    distributed in the Northern District of California among other geographic areas, Plaintiff's

28

3
<strong>PLAINTIFF'S COMPLAINT</strong>

distributed in the Northern District of California among other geographic areas, Plaintiff's

copyrighted work without securing a license from Plaintiff and without payment of royalties and

monies owed and due to Plaintiff for use of the work. This was done, intentionally, maliciously,

and fraudulently without obtaining permission of Plaintiff or appropriate license for the use of

the works as required under the Copyright Act.

18.    The Defendants continue to distribute, promote, sell, market and use Plaintiff's copyrighted

work.

19.    As a result of this conduct by Defendants and each of them, in violation of the Copyright

Act, Plaintiff has suffered actual damages and continues to suffer damages due to the infringing

conduct.

20.    Plaintiff prays that he recover all compensatory general and special damages as authorized

by the Copyright Act, and that he recover his attorney's fees and costs due to the Defendants

infringing conduct. Plaintiff further reserves the right to pursue statutory damages, attorney's

fees and seeks punitive damages against all Defendants for their intentional, fraudulent,

malicious and bad faith infringement of the described copyright as provided under Federal law.

## SECOND CLAIM – CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (Defendants Interscope Records Incorporated, Universal Music Corporation)

21.    Plaintiff repeats each of the allegations contained in paragraphs 1 through 20 as if fully
set forth herein.

22.    Plaintiff is informed and believes and on that basis alleges that Defendants Interscope

Records, Inc., Universal Music Corporation knew or had reason to know of the infringing

activity of Defendants Amaru Entertainment Incorporated, Tuff Jew Productions LLC, and Scott

Storch, as alleged in Plaintiff's First claim.

1  23.    Plaintiff is informed and believes and on that basis alleges that Defendants Interscope

2  Records, Inc., Universal Music Corporation induced, caused or materially contributed to the

3  infringing activity of Defendants Amaru Entertainment Incorporated, Tuff Jew Productions LLC,

4  and Scott Storch, as alleged in Plaintiff's First claim.

5  24.    Plaintiff is informed and believes and on that basis alleges that Defendants Interscope

6  Records, Inc., Universal Music Corporation engaged in personal conduct that encouraged or

7  assisted in the infringing activity of Defendants Amaru Entertainment Incorporated, Tuff Jew

8  Productions LLC, and Scott Storch, as alleged in Plaintiff's First claim.

9  25.    As a result of this conduct by Defendants, and each of them, in violation of the Copyright

10  laws, Plaintiff has suffered actual damages and continues to suffer damages due to Defendants'

11  infringing conduct.

12  26.    Plaintiff prays that he recover all compensatory general and special damages as

13  authorized by the Copyright Act, and that he recover their attorneys' fees and costs due to

14  Defendants' contributory infringing conduct. Plaintiff further reserves the right to pursue

15  statutory damages, and attorneys' fees against all Defendants for their intentional, fraudulent,
malicious and bad faith infringement of the described copyright as provided under Federal law.

16  ### THIRD CLAIM – UNFAIR COMPETITION IN VIOLATION OF THE COMMON AND
17  ### STATUTORY LAWS OF CALIFORNIA

18  **(Defendants Interscope Records Incorporated, Universal Music Corporation, Amaru
19  Entertainment Incorporated, Tuff Jew Productions LLC, Scott Storch)**

20  27.    Plaintiff repeats each of the allegations contained in paragraphs 1 through 26 as if fully

21  set forth herein.

22  28.    Defendants have used and continue to use in commerce Plaintiff's copyrighted work (as

23  designated in attached Exhibits A), have misappropriated Plaintiff's copyright in the subject

24  work by registering it as their own, have and continue to make false and misleading

25  representations of fact which are likely to confuse, cause mistake, deceive as to ownership and

26  affiliation such copyrighted work owned by Plaintiff, and as to the distribution, use or approval

27  of Plaintiff's work and other commercial uses of Plaintiff's work in violation of the common and

28

1  statutory laws of the State of California including, but not limited to, California Business and

2  Professions Code § 14404 et seq., and § 17200 et seq.

3  29.    Defendants in industry, trade and commercial advertising, including the internet, have

4  misrepresented the nature, characteristics, qualities, and ownership of the copyright in violation

5  of the common and statutory laws of the State of California including, but not limited to,

6  California Business and Professions Code § 14404 et seq., and § 17200 et seq.

7  30.    Defendants are liable to Plaintiff for their actual damages, Defendants' profits, or a just

8  award to be made by the court, plus reasonable attorneys' fees and costs as provided by law.

9  31.    Plaintiff is informed and believes and on that basis alleges that Defendants have

10  misrepresented to third-parties that they own a license or right to use Plaintiff's copyright, or that

11  Plaintiff authorized the use of the works, by misrepresenting the music publishers on various

12  songs, and in album credits in violation of the common and statutory laws of the State of

13  California including, but not limited to, California Business and Professions Code § 14404 et

14  seq., and § 17200 et seq.

15  32.    Defendants' conduct in misappropriating Plaintiff's property to their benefit constitutes

16  unfair and deceptive trade practices in violation of the common and statutory laws of the State of

17  California including, but not limited to, California Business and Professions Code § 14404 et

18  seq., and § 17200 et seq. Defendants have acted in concert in violation of the common and

19  statutory laws of the State of California including, but not limited to, California Business and

20  Professions Code § 14404 et seq., and § 17200 et seq.

21  33.    Consumer purchasers, licensees, and customers have been misled and deceived as to the

22  legal ownership, origin and permission granted by Plaintiff for the use of his work to the

23  benefit and enrichment of Defendants through the commercial exploitation and dissemination of

24  Plaintiff's copyrighted work.

25  34.    Plaintiff prays that he recover all compensatory general and special damages, and

26  injunctive relief as authorized by the common and statutory laws of the State of California

27  including, but not limited to, California Business and Professions Code § 17202 et seq., and that

28  he recover their attorneys' fees and costs due to Defendants' unlawful conduct. Plaintiff

6

**PLAINTIFF'S COMPLAINT**

1  further reserves the right to pursue statutory damages, Defendants' profits, attorneys' fees and

2  punitive damages against all Defendants for their intentional, fraudulent, malicious and bad faith

3  conduct as provided under California law.

4  ## FOURTH CLAIM – INTERFERENCE WITH PROSPECTIVE ECONOMIC
   ## ADVANTAGE
5

6  **(Defendants Interscope Records Incorporated, Universal Music Corporation, Amaru
   Entertainment Incorporated, Tuff Jew Productions LLC, Scott Storch)**

7  35.     Plaintiff repeats each of the allegations contained in paragraphs 1 through 34 as if fully

8  set forth herein.

9  36.     Plaintiff Flowers had an economic relationship with entities including but not limited to

10  Handle Bar Records, which distributed his album "Floss Mode", which featured Plaintiff's

11  composition "Po Nigga Blues". This relationship was based on Handle Bar Record's belief that

12  Plaintiff was the sole and original creator of all the compositions featured on this album and that

13  he was the sole and exclusive owner of their copyrights.

14  37.     Defendants have knowledge that Plaintiff Flowers is the sole and exclusive owner of the

15  copyrighted work due to partly to the fact that their former business associate, the late Tupac

16  Shakur, had past dealings with him.

17  38.     Plaintiff is informed and believes and on that basis alleges that Defendants' intentional

18  misrepresentations and failure to attribute the true and correct owner of the copyrighted work

19  on its products has harmed Plaintiff's economic relationship with Handle Bar Records and other

20  entities by causing him to lose publishing and licensing contracts with them.

21  39.     Plaintiff is informed and believes and on that basis alleges that Defendants' negligent

22  misrepresentations and failure to attribute the true and correct owner of the copyrighted work

23  on its products harmed Plaintiff's economic relationship with Handle Bar Records and other

24  entities by causing him to lose publishing and licensing contracts with them.

25  40.     Plaintiff is informed and believes and on that basis alleges that Defendants have falsely

26  represented to third-parties that they are the owners of Plaintiff's copyrighted work.

27  41.     Plaintiff is informed and believes and on that basis alleges that Defendants have

28

49.    Plaintiff is entitled to a recovery of attorney's fees and costs against the Defendants for their fraudulent conduct under California law.

50.    Plaintiff is also entitled to a recovery of attorneys' fees and costs against the named Defendants for their intentional, malicious, and bad faith misconduct in infringing upon Plaintiff's copyright and failing to pay and account to him for the monies owed and due for the use of the subject work. Plaintiff is also entitled to legal fees under the common and statutory laws of the State of California.

51.    The Defendants have committed the state law torts of conversion and fraud, evincing bad faith and malicious misconduct, entitling Plaintiff to a recovery of attorney's fees and costs against the Defendants under state law.

52.    Plaintiff prays that he recover all attorney's fees and costs from the Defendants in an amount to be determined by a jury and/or the Court at any trial of this matter, but not less than the actual costs and attorney's fees of Plaintiff in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.    That this court enter appropriate declaratory and injunctive relief under both federal and state law that it deems appropriate under the circumstances and after Hearing before the Court, including but not limited to an injunction that Defendants reassign the copyright in "Po Nigga Blues" back to Plaintiff;

2.    That Plaintiff recover all statutory or compensatory damages, including but not limited to treble damages that are appropriate on their copyright claims, and the common and statutory laws of the State of California, California Business and Professions Code § 17202 et seq. allowable in law without duplication of damages as provided by law. Plaintiffs request statutory damages to be determined by the court, per composition for copyright infringement, and damages for each willful violation of the common and statutory laws of the State of California, and California Business and Professions Code § 14404 et seq., and § 17200 et seq.

3.    That Plaintiff recover appropriate attorney's fees and costs for the Defendants' violation

1  of the Copyright Act plead in this lawsuit. Plaintiffs seek their attorneys' fees and costs under

2  both the Copyright Act, and the common and statutory laws of the State of California;

3  4.     Punitive Damages;

4  5.     That this court grant such other equitable and further relief as it deems just and proper;

5  Date:  May 5, 2008                    Respectfully submitted,

6

7

8                                         William E. Weiss
                                          Attorney for Plaintiff,
9                                         *JOSEPH FLOWERS*

10  PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CLAIMS IN

11  THIS LAWSUIT.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    10
                          **PLAINTIFF'S COMPLAINT**



1. Born and Raised

2. Hustlin' is The Final

3. Possie Skit

4. Floss Mode

5. Po' Nigga Bluez

6. 25 2 Life Skit

7. Still on Parole

8. Haters Rest In Peace

9. Unfaithful

10. Always And Forever

11. Dayz Grow Longer

HOUSE OF REPS
THE GOVENOR

FLOSS MODE

HR
HOUSE REPS

Executive Producer: Joseph J. Flowers / Danny Flowers for Handle Bar Records
All Songs Mixed At: The Grill, Pajamas, Michael Denten, Infinite Studios, Sparks
All Songs Performed By: The Gov, Hami, B-Alpz-J.J. The Boy Boy, Mike D.
Tracks Cut By: P.A. Bogg
All Songs Produced At Underwood Works 510-638-7720
All Songs Mixed By: Everett-X at Underwood Works 510-638-7720
All Songs Produced By: House Boyz, D.J.D, Go. Twice, Bogg, Leo Jay Soul.
All Songs Published By ASCAP BMI One Step Beyond Publishing
Management: Artireal J. Favel/Chris Hicks for
At Product Lab. • 510.835.2755 Fax 510.835.2753

Special Thanks:
To The Man Upstairs For Making This Still Possible. My Grandma &
All My Aunties. My Crazy Ass Uncle Mae, Tiff, My Brother
Paps Joe, The Rest Of My Big Ass Family Ya Know!! What's Up. My
...The Infamous LLP, A-Teem, 3 Deep, DFC,
Pure Camp; The Darkfond, Ex-0 & The Click,
...Money B, Suche ica, Bad Influence, My Sem Paints,
...B-Boy, Maivaless, The Female Assasin, LLP, Young Brotha Bros
Music Is Last & West Side Stay Strong Together. Pbesidnt, S.F.C., RBL,
...Downt & The Luniz Click, Omega, Alonza and Drea, Right On Indo &
...& Co/ Hall, That Nigga Warren G, Lady Of Rage
I'm That On, We Bleed, The Whole House of Reps That's It
...ya All Cuttn This Bitch!

HBR9501

© 1995 Handle Bar Records



JS 44 (Rev. 12/07) (cand rev 1-16-08)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

JOSEPH FLOWERS

E-filing

**DEFENDANTS**

INTERSCOPE RECORDS INC., UNIVERSAL MUSIC CORPORATION, AMARU ENTERTAINMENT INC., TUFF JEW PRODUCTIONS LLC

**(b)** County of Residence of First Listed Plaintiff  SAN FRANCISCO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William E. Weiss, Esq. SBN: 73108
LAW OFFICES OF WILLIAM E. WEISS
130 Sutter Street, 7th floor
San Francisco, CA 94104

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
**(PLACE AND "X" IN ONE BOX ONLY)**

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  5/7/2008

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
                                                        Brief Description: <u>Unauthorized reception of cable service</u>

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.